**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 08-4969**

—————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

AGUSTIN PARDO MACIAS,

        Defendant - Appellant.

—————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:07-cr-00233-RJC-4)

—————

Submitted: April 19, 2010        Decided: May 14, 2010

—————

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

—————

Dismissed by unpublished per curiam opinion.

—————

Denzil H. Forrester, Charlotte, North Carolina, for Appellant. Edward R. Ryan, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Agustin Pardo Macias pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). The plea agreement included a waiver of Macias' right to appeal his conviction or sentence, except for claims of prosecutorial misconduct or ineffective assistance of counsel. The district court sentenced Macias to seventy months of imprisonment, and he timely appealed.

On appeal, Macias contends that the Government's late filing of objections to the draft presentence investigation report (PSR) breached the plea agreement and constituted prosecutorial misconduct. He argues that the appeal waiver should not apply to bar his assertions of sentencing error. The Government argues that there was no prosecutorial misconduct and the appeal waiver should be enforced.

This court reviews the validity of an appeal waiver de novo, United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the

waiver was knowing and voluntary. <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992); <u>United States v. Wessells</u>, 936 F.2d 165, 167 (4th Cir. 1991).

To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." <u>United States v. General</u>, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid. <u>Wessells</u>, 936 F.2d at 167-68.

In this case, Macias does not assert that his waiver was not voluntary, and our review of the record leads us to conclude that his waiver was knowing and voluntary. Moreover, the issues he seeks to raise on appeal are within the scope of the waiver. We also conclude that the Government's late filing of objections to the PSR neither breached the plea agreement nor amounted to prosecutorial misconduct. Thus, the exceptions to Macias' waiver of his right to appeal do not apply.

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED